UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

ALEXANDER THOMAS HEBRARD,

        Plaintiff,

    v.

JEREMY M. NOFZIGER, BRANDON KELLY,
JAMES BROWN, C. GOVE,

        Defendants.

Case No. 6:19-cv-01498-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Alexander Hebrard, an adult in custody at the Snake River Correctional Institution, brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his procedural due process rights under the Fourteenth Amendment by subjecting him to a constitutionally deficient disciplinary hearing. The defendants are Correctional Hearings Officer Jeremy Nofziger ("Officer Nofziger"), Inspector Chris Gove ("Inspector Gove"), Assistant Inspector General Jason Brown ("Brown"), and Superintendent Brandon Kelly ("Kelly"). The

1 – OPINION AND ORDER

court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it raises a question of federal law.[1]

Defendants have filed a Motion for Summary Judgment.[2]  ECF 57.  During the course of resolving that motion, the court inquired whether plaintiff's claim is barred under *Heck v. Humphreys*, 512 U.S. 477 (1994).  Defendant claims that it is and plaintiff claims it is not.  *See* Supplemental Brief in Support of Defendants' Motion for Summary Judgment, ECF 78; Plaintiff's Response to Supplemental Questions, ECF 79.

For the reasons discussed below, the court finds that this action is barred under *Heck* and *sua sponte* dismisses the case without prejudice pursuant to 28 U.S.C. § 1915(a)(1).  Defendants' pending Motion for Summary Judgment is therefore moot.

**I.      Proceeding *In Forma Pauperis* and *Sua Sponte* Dismissal**

Under the Prison Litigation Reform Act ("PLRA"), indigent prisoners may commence a civil action *in forma pauperis* without prepaying court fees.  28 U.S.C. § 1915(a)(1).  However, the court must screen such actions and dismiss them if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(a), (b)(1).  The court's obligation to dismiss a case that fails to state a claim persists throughout the case.  The PLRA instructs that "the court *shall* dismiss the case *at any time* if the court determines that the action fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

---

[1] All parties have consented to allow a magistrate judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).

[2] In their motion for summary judgment, defendants argue that (1) any claims against Inspector Gove, Brown, and Kelly fail because they did not engage in any conduct implicating plaintiff's due process rights, (2) plaintiff received all the process he was due from Officer Nofzinger, and (3) Officer Nofzinger is entitled to qualified immunity.  These arguments have merit, but the court does not have reach them because, as discussed in this opinion and order, plaintiff's claims are barred by *Heck*.

"The phrase 'fails to state a claim upon which relief may be granted' . . . purposely 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043 (9th Cir. 2016) (citation omitted). "A complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense appears on its face." *Jones v. Bock*, 549 U.S. 199, 215 (2007). "[C]ompliance with *Heck* most closely resembles the mandatory administrative exhaustion of PLRA claims, which constitutes an affirmative defense." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016). Thus, the court "may properly dismiss a *Heck*-barred claim under Rule 12(b)(6) if there exists an obvious bar to securing relief on the face of the complaint." *Id.* (citation and quotation marks omitted); *see also El-Shaddai*, 833 F.3d at 1044.

Further, when a plaintiff proceeds *in forma pauperis*, the Ninth Circuit permits dismissal *sua sponte* and without notice. *Turner v. Boldt*, 172 F.3d 59 (9th Cir. 1999); *Omar v. Sea-Land Service, Inc.,* 813 F.2d 986, 991 (9th Cir. 1987). District courts in the Ninth Circuit routinely enter such dismissals, often during pre-answer screenings before the defendants are even served. *E.g.*, *Bernard v. City of San Diego*, No. 21-cv-967-MMA-AGS, 2021 WL 3269658, at *6 (S.D. Cal. July 29, 2021) (dismissing complaint *sua sponte* as *Heck*-barred pursuant to 28 U.S.C. § 1915). However, as noted, the PLRA requires that "the court *shall* dismiss the case *at any time* if the court determines that the action fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

## II. *Heck* Doctrine

Federal law provides two exclusive avenues of relief for complaints related to state imprisonment: (1) a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and (2) a civil rights complaint pursuant to 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir.

2016) (en banc). Habeas relief is the exclusive vehicle for challenges to the fact or duration of confinement. *Id.* A § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within this "core of habeas corpus." *Id.* at 927, 931, 934. Otherwise stated, claims that "would not necessarily" affect the fact or duration of confinement do not fall within "the core of habeas corpus" and may be brought under § 1983. *See id.* at 934-35; *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (holding that "requests for relief turning on circumstances of confinement may be presented in a § 1983 action").

Importantly, under *Heck*, "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad*, 540 U.S. at 751; *Nettles*, 830 F.3d at 928; *see also Heck*, 512 U.S. at 489-90 ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence *does not accrue* until the conviction or sentence has been invalidated.") (emphasis added). The Supreme Court extended *Heck* to prison disciplinary proceedings in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). "At its core, the favorable termination rule, as first articulated in *Heck v. Humphries* and extended by *Edwards v. Balisok*, precludes a prisoner from seeking damages for an alleged constitutional violation which, if established, would necessarily imply the invalidity of his conviction, sentence, or deprivation of good-time credits." *Stevenson v. Holland*, No. 1:16-cv-01831-AWI-SKO, 2018 WL 1109707, at *4 (E.D. Cal. Mar. 1, 2018); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ( "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to

4 – OPINION AND ORDER

conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

### III.     Analysis

This action must be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim because it is apparent on the face of the complaint that *Heck* bars plaintiff's claims.

The court granted plaintiff's application for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 shortly after he filed his complaint.[3] *See* Application, ECF 1; Order, ECF 7. In his complaint, plaintiff alleges a Fourteenth Amendment due process violation arising from sanctions he received for attempting to introduce suboxone[4] into the Oregon State Penitentiary and receipt of funds from stolen credit cards. *See* Compl. ¶ 98, ECF 2. Plaintiff alleges that Inspector Gove opened an investigation into his conduct and froze the funds in his Telmate account. *Id.* ¶¶ 4, 12. Inspector Gove questioned plaintiff about letters he had written to four people "detailing how to bring drugs into [the] institution." *Id.* ¶ 26. Inspector Gove also filed a misconduct report charging plaintiff with racketeering, distribution 1, drug possession, and contraband. *Id.* ¶ 30.

Officer Nofziger conducted plaintiff's disciplinary hearing. *Id.* ¶ 44. Plaintiff alleges he made various requests prior to the hearing, including to view evidence and for additional investigation to be conducted, *id.* ¶¶ 31-42, all of which were denied. *Id.* ¶¶ 46-61. Officer Nofziger dismissed the contraband charge but convicted plaintiff of racketeering, distribution 1, and drug possession. *Id.* ¶¶ 30, 60, 62. The complaint alleges that plaintiff was sanctioned with

---

[3] The court also appointed *pro bono* counsel.

[4] Suboxone is a trade name for Buprenorphine, a Schedule III narcotic.

120 days in disciplinary segregation, a $100 fine, 365 days of no visitation rights, and the retraction of 27 days in earned time credit, and $1,050 was confiscated from plaintiff's Telmate account. *Id.* ¶ 62.

This case thus presents a mixed-sanctions scenario. Mixed-sanctions cases concern convictions with sanctions affecting both the fact or duration of confinement and some other sanction, usually involving the conditions of confinement. While the Ninth Circuit has not decided whether mixed-sanctions cases are barred under *Heck*, the Seventh and D.C. Circuits have found that these types of cases are *Heck*-barred. *See Haywood v. Hathaway*, 842 F.3d 1026, 1028-30 (7th Cir. 2016); *Skinner v. U.S. Dep't of Just. & Bureau of Prisons*, 584 F.3d 1093, 1100 (D.C. Cir. 2009).

The Second Circuit has permitted mixed-sanctions cases to proceed when the § 1983 plaintiff "abandons any duration of imprisonment claims arising out of the same disciplinary process" as the other sanction. *Peralta v. Vasquez*, 467 F.3d 98, 106 (2d Cir. 2006). However, the Seventh and D.C. Circuit's approach most closely follows *Heck* and its progeny. Properly understood, the *Heck* bar is a "version of issue preclusion (collateral estoppel), under which the outstanding criminal judgment or disciplinary sanction, as long as it stands, blocks any inconsistent civil judgment." *Haywood*, 842 F.3d at 1029. Allowing plaintiff to abandon any claims affecting the duration of his imprisonment is no solution because, where both causes of action arise from the same disciplinary process, success in a § 1983 action targeting the former sanction "would implicitly question the validity" of the latter. *See Muhammad*, 540 U.S. at 751; *Skinner*, 584 F.3d at 1100 ("because recovery for the 'other, separate disciplinary harms' depends on overturning the adverse determination that also led to his loss of good-time credits, if

Skinner were to win damages for the former, he would necessarily have demonstrated the invalidity of the latter"). As explained by the Seventh Circuit,

> Nothing in *Heck*, *Edwards*, or any of the Court's later decisions suggests that the "favorable termination" element that the Court thought essential can be elided by a plaintiff's disavowing a kind of relief that *Preiser [v. Rodriguez*, 411 U.S. 475, 490 (1973),] holds is never available under § 1983 in the first place. The approach taken in *Peralta* is incompatible with *Heck* and its successors; *Peralta* is functionally what would happen if the whole sequence were overruled and only *Preiser* left standing.

*Id.* Inmates "cannot make an end run around *Heck* by filing an affidavit waiving challenges to the portion of their punishment that revokes good-time credits." *Morgan v. Schott*, 914 F.3d 1115, 1117 (7th Cir. 2019).

Here, plaintiff alleges there was one investigation, one disciplinary hearing, and one set of disciplinary convictions. He alleges Officer Nofziger denied all of his requests to access evidence and conduct additional investigation. He further alleges the disciplinary convictions resulted in the revocation of 27 days of good time credits, which affects the duration of his confinement. Compl. ¶ 62, ECF 2. While the other sanctions, such as disciplinary segregation and the confiscation of funds, do not affect the fact or duration of plaintiff's confinement, success on the merits of plaintiff's due process claim "would implicitly question the validity" of the very disciplinary convictions resulting in the retraction of good time credits. *See Muhammad*, 540 U.S. at 751. Plaintiff does not allege that he has otherwise invalidated the disciplinary convictions. *Heck*, 512 U.S. at 487; *Edwards*, 520 U.S. at 648. Therefore, his claim is *Heck*-barred. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this court has no choice but to dismiss this case without prejudice.

**ORDER**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this action is dismissed *sua sponte* and without prejudice because it is *Heck*-barred.

DATED March 25, 2022.

                                                    /s/ Youlee Yim You
                                                  Youlee Yim You
                                                  United States Magistrate Judge